IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PAYMAN DADGAR, an individual,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>VICTOR SONI, an individual,<br><br>　　　　　　　Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:23-cv-40 HCN<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter comes before the court on Defendant Victor Soni's Motion to Dismiss.[1] Pro se Plaintiff Payman Dadgar brings this civil rights case alleging employment discrimination based on his wrongful termination due to his national origin. Defendant seeks to dismiss the case alleging Mr. Dadgar has sued the wrong party. Plaintiff was not employed by Mr. Soni, rather, he was employed by Shree Hospitality, LLC, dba Radisson Hotel Salt Lake City Airport. The undersigned recommends that the motion be granted.

## BACKGROUND

The following facts come from Plaintiff's Complaint[2] The court accepts the facts as true and views them in the light most favorable to Plaintiff.[3] In addition, because Mr. Dadgar is proceeding pro se the court construes his pleadings liberally.[4]

---

[1] ECF No. 10. This case is referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(B). ECF No. 8.

[2] ECF No. 4.

[3] *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1304 (10th Cir. 2020) (explaining that on a motion to dismiss the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to" the party opposing the motion (citation and internal quotation marks omitted)). Plaintiff 's factual statement is rather brief in his Complaint. In response to the court's Order to Show Cause Plaintiff provides addition details that the court incorporates in its decision.

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

Mr. Dadgar worked at the Radisson Hotel Salt Lake City Airport for more than ten years. He performed maintenance and was a shuttle driver. At some point in 2018 "new ownership brought their family members and relatives and replaced previous workers and employees [hired] by them."[5] Plaintiff notes the ownership "is an Indian family" and they hired "Pakistanis and Indians who were their family members or relatives and gave our jobs to them."[6] Mr. Dadgar was removed from his job by Mr. Soni without notice, and told his termination was due to high expenses at the hotel. Plaintiff alleges he was terminated due to his national origin and not due to expenses. Plaintiff avers that Mr. Soni is the owner of the hotel, and presumably, that is why he is named in the Complaint.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows a party to move the court to dismiss an action for failing "to state a claim upon which relief can be granted[.]" For a complaint to survive a Rule 12(b)(6) motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] When considering a Rule 12(b)(6) motion to dismiss, the court must assume that the factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"[9]

---

[5] Complaint p. 4.

[6] *Id.*

[7] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8] *Id.* (citing *Twombly*, 550 U.S. at 556).

[9] *Id.* (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

While a pro se litigant's pleadings are construed liberally and held to a less stringent standard, the court cannot assume the role of advocate for a pro se litigant.[10] Candidly, Plaintiff's Complaint is rather sparse as to the facts required to establish a prima facie case of wrongful termination or discrimination. The issue is whether Mr. Dadgar was terminated due to his national origin, or in retaliation for resisting discriminatory practices. If Mr. Dadgar has named the wrong person in the Complaint, then that too may be a basis to dismiss this matter.[11]

Defendant argues Mr. Dadgar has brought this suit against him in his individual capacity but Plaintiff was hired by Radisson, which is a Utah LLC. Plaintiff does not offer any evidence to refute this argument. Instead, in response, Plaintiff outlines the alleged facts of this case. He avers two brothers from Pakistan were put in his place, that Mr. Soni is the owner of both hotels, was very "disrespectful" toward him, and Mr. Soni "pushes some employees to quit or he fires them and then [replaces] them with Indians or Pakistanis as much as possible."[12]

Plaintiff fails to offer any support for his assertion that Mr. Soni owns the hotel, and his factual averments regarding Mr. Soni's alleged discriminatory behavior are lacking. As has been noted by the Supreme Court and the Tenth Circuit, labels and conclusions are not enough. Rather a plaintiff "must offer specific factual allegations to support each claim."[13] Here, the court finds no basis to allow the suit to continue against Mr. Soni in his individual capacity.

---

[10] *Hall*, 935 F.2d at 1110.

[11] *See, e.g., Inconnu Lodge v. Commbine.com LLC*, 214 F. Supp. 2d 1204, 1207, 2002 WL 1803702 (D. Utah 2002) (dismissing without prejudice because the wrong parties were named).

[12] ECF No. 13 p. 2-3.

[13] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing *Twombly*, 550 U.S. at 555).

**RECOMMENDATION**

The court therefore recommends that the motion to dismiss be granted and this matter be dismissed without prejudice so Plaintiff can bring this suit against the proper parties.[14]

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 3 January 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[14] Plaintiff is directed to consider Fed. R. Civ. P. 8, the analysis set forth in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and the official government site regarding discrimination found at https://www.usa.gov/job-discrimination-harassment when filing a new complaint.